**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIRO LOPEZ GARCIA,<br><br>                 Petitioner,<br><br>     v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et al.,<br><br>                 Respondents. | No. 1:26-cv-00191 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 10, 16) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 3, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted, Petitioner's motion for preliminary injunction be denied as moot, and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 16.) On April 13, 2026, Respondents filed timely objections. (Doc. 17.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Thus, the Court **ORDERS**:

1

1.  The findings and recommendations issued on April 3, 2026 (Doc. 16) are **ADOPTED IN FULL**.

2.  The petition for writ of habeas corpus is **GRANTED**.

3.  Petitioner's motion for preliminary injunction (Doc. 10) is **DENIED** as moot.

4.  **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the procedures described forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203; *see also Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2675785, at *13 (E.D. Cal. Sept. 18, 2025) (citing *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025)).

5.  Prior to the bond hearing, the Petitioner and his counsel **SHALL** receive meaningful notice of the scheduled hearing and both **SHALL** be entitled to appear at the hearing.

6.  In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

7.  If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

8.  The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:    **April 16, 2026**

UNITED STATES DISTRICT JUDGE

2